UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1234 ~~DWF/AJB~~ JEL JGL

| | | |
|---|---|---|
| ELEY, STEPHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | STIPULATED ORDER PURSUANT TO 5 U.S.C. § 552a |
| | ) | |
| | ) | |
| U.S. DEPARTMENT OF VETERAN'S AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, the Department of Veterans Affairs and its Secretary, has records in its possession, copies of which the plaintiff seeks for possible use in this litigation, which are subject to the protection of the Privacy Act, 5 U.S.C. § 552a, or otherwise implicate the privacy interests of persons not parties to this action.

The parties, by counsel, hereto stipulate and agree to the entry of this order to allow plaintiff to discover information and documents otherwise protected from disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a, while, at the same time, protecting the privacy of employees and former employees of the United States Postal Service from unreasonable disclosure of information and documents pertaining to them.

The parties stipulate and the Court, accordingly, finds and orders as follows:

JUL 30 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

1. This is an action for alleged violations of Title VII of the Civil Rights Act of 1964, the Rehabilitation Act, and the Family Medical Leave Act. Plaintiff has sought to discover information and documents about other United States Postal Service employees to prove certain allegations of her claims for discrimination and retaliation. Certain of the information plaintiff seeks is protected by the Privacy Act of 1974.

2. Counsel for defendants shall designate the documents and information subject to this order by written notice to plaintiff's counsel and/or by marking documents with a stamp "CONFIDENTIAL". In the event a protected document is produced inadvertently without a stamp or other designation, Defendant can issue written notice to Plaintiff's Counsel and the document shall thereafter be covered under this order.

3. The confidential documents subject to this order shall be used by plaintiff, her lawyer, or her agents for purposes of this litigation only and not for any other purpose whatsoever.

4. Access to information and documents designated as subject to this order shall be limited to the parties, their counsel (including paralegals and support staff), expert witnesses in their employ, and other persons authorized in writing by all counsel to examine such information and documents, and shall be disclosed only to extent reasonably necessary to prepare and

prosecute (or defend) this action. Any person having access to the information and/or documents, including plaintiff herself, shall be informed by plaintiff's counsel that the information and documents are subject to a non-disclosure order of the Court and shall acknowledge, prior to disclosure, his/her agreement to be bound by this order.

5. Except as provided herein, no one having access to the information and documents subject to this order shall make public disclosure of those materials without further order of the Court or written agreement of the parties.

6. If either party intends to file any motion, opposition, or reply, or any filing prior to trial, and attach thereto any information or documents that defendants have designated as subject to this order, that party shall file any information or document subject to this order in a separate sealed envelope, marked with a statement substantially in the following form:

> This envelope contains information and/or documents which have been filed by [name of party] under seal by order of the Court and is not to be opened except pursuant to further Court order.

7. Nothing in this order shall be construed as precluding the parties from seeking to introduce into evidence at trial of this case information and documents, or the contents hereof,

subject to terms and conditions agreed to by the parties or otherwise ordered by the Court to protect the privacy of the individuals whose information and documents are disclosed subject to this order. See 5 U.S.C. § 552a(b)(11).

8. No person to whom information or documents are disclosed shall make a copy of the information or documents, or any part thereof, nor shall a person make disclosures of information or documents subject to this order except as allowed by the order.

9. Upon conclusion on this action, including appeals, all copies of documents or information disclosed under this order, except exhibits received in evidence, shall be returned to counsel for defendants within 30 days of the date the last appeal is final. Alternatively, plaintiff's counsel may destroy the information and documents and provide a certification to defendants' counsel of compliance with the destruction of copies of documents and information disclosed hereto.

10. This order is entered solely to permit defendants to produce information and documents otherwise protected from disclosure by the Privacy Act. It is not a determination of any discovery dispute or an ruling on the admissibility of any evidence at trial. Likewise, defendants do not waive any right to object to discovery or offer of evidence at trial. Nothing in

this order shall prevent any party from seeking a modification of this order.

Dated: 7.26.02

THOMAS B. HEFFELFINGER
United States Attorney

LONNIE F. BRYAN
Assistant U.S. Attorney
Attorney I.D. No. 206635
300 S. Fourth Street
Minneapolis, MN 55415
(612) 664-5600

Attorneys for Defendants

Dated:

JEFFREY A. HASSAN, Esq.
Hassan & Reed
2000 Plymouth Ave. N.
Minneapolis, MN 55411

Attorney for Plaintiff

IT IS SO ORDERED

Dated: July 30, 2002

The Honorable
United States Magistrate Judge