01-1234 JNE/JGL

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 03-2782

| | | |
|---|---|---|
| Stephen E. Eley, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| United States Department of Veterans | * | |
| Affairs, being sued as Veterans | * | [UNPUBLISHED] |
| Affairs/VAMC; Anthony J. Principi, | * | |
| Secretary, | * | |
| | * | |
| Appellees. | * | |

Submitted: April 6, 2004

Filed: April 9, 2004

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

PER CURIAM.

Stephen E. Eley, an African American, appeals the district court's[1] adverse grant of summary judgment in his Title VII action against his employer, the United States Department of Veterans Affairs (VA), and VA Secretary Anthony Principi.

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

SCANNED
JUN 28 2004
U.S. DISTRICT COURT MPLS

Having carefully reviewed the record, see Jacob-Mua v. Veneman, 289 F.3d 517, 520 (8th Cir. 2002) (standard of review), we affirm.

When Eley returned from bereavement leave, he was admonished for being absent without leave for 64 hours. He thereafter brought the instant lawsuit, claiming race discrimination and retaliation, and alleging, as relevant to his appeal, that he had not been properly credited for unused sick leave he had accumulated when he previously held a government job, and thus the admonishment was unwarranted.

We agree with the district court that Eley failed to create a trialworthy issue as to whether he was admonished under circumstances giving rise to an inference of race discrimination. See Habib v. NationsBank, 279 F.3d 563, 566 (8th Cir. 2001) (elements of prima facie case); Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (to defeat summary judgment, party must substantiate allegations with sufficient probative evidence that would allow finding in party's favor on more than just speculation). Instead, the record indicates that before Eley left for his bereavement leave, he did not verify that he had been credited with enough unused sick leave to cover the leave he intended to take, and he did not communicate to anyone the length of time he planned to be absent. Further, the evidence concerning the treatment of Eley's Caucasian co-workers does not help him, as nothing in the record showed that these employees took extended bereavement leave with insufficient accumulated sick and annual leave on the books, or that they did not complete the proper leave-request forms or at least orally notify their supervisors how much leave they proposed to take. See Marquez v. Bridgestone/Firestone, Inc., 353 F.3d 1037, 1038 (8th Cir. 2004) (per curiam) (plaintiff must point to individuals who dealt with same supervisor, were subject to same standards, and engaged in same conduct without mitigating or distinguishing circumstances).

As to the retaliation claim, even if Eley's immediate supervisor and the department supervisor knew of his previous protected activity, see Woodland v.

Joseph T. Ryerson & Son, Inc., 302 F.3d 839, 845 (8th Cir. 2002) (prima facie case of retaliation), a reasonable jury could not conclude from the record below that there was a causal connection between this protected activity and Eley's admonishment, see Kipp v. Mo. Highway & Transp. Comm'n, 280 F.3d 893, 896-97 (8th Cir. 2002) (evidence that gives rise to inference of retaliatory motive is sufficient to establish a causal link, but interval of two months between protected activity and adverse employment action was insufficient to support such inference), given that the decision makers were not involved in the events underlying Eley's earlier complaint and settlement, and that Eley was not disciplined until four months after the earlier settlement. Moreover, even assuming that Eley established a prima facie case of retaliation, Eley did not offer evidence showing that defendants' reason for admonishing him--Eley's failure to verify that he had enough accumulated leave [2] to cover the amount of bereavement leave he intended to take, and to communicate to his supervisors the amount of time he planned to be gone--was pretextual, see Peebles v. Potter, 354 F.3d 761, 770 (8th Cir. 2004).

Finally, Eley's assertion regarding his counsel's representation in the district court is not a basis for reversal. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988) (there is no constitutional or statutory right to counsel in civil case).

Accordingly, we affirm.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans

---

[2] After the admonishment, Eley was credited with 80 hours of unused sick time, but he could not have used it for the bereavement leave at issue here. See 5 U.S.C. § 6307(d)(3)(A).

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
THOMAS F. EAGLETON COURT HOUSE
ROOM 24.329
111 S. 10TH STREET
ST. LOUIS, MISSOURI 63102

MICHAEL E. GANS
Clerk of Court

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

June 22, 2004

Mr. Richard Sletten
Clerk
U.S. DISTRICT COURT, MINNESOTA
202 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415

Re: 03-2782 Stephen A. Eley vs. Veterans Affairs

Dear Clerk:

The mandate of this Court is being sent to the clerk of the district court, together with a receipt. The clerk of the district court is requested to sign, date, and return the receipt to this office.

Any district court records in this court's possession will be returned shortly.

(5175-010199)

Sincerely,

Michael E. Gans
Clerk of Court

dmh

Enclosure

(LETTER FOR INFORMATIONAL PURPOSES ONLY)

---------------------------------------

cc: Honorable Joan N. Ericksen
Stephen A. Eley
Lonnie F. Bryan

District Court/Agency Case Number(s): CIV 01-1234 JNE/JGL